IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| BROOKLYN MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 230368R |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiff appealed a Written Objection Determination and Notice of Refund Denial, dated July 12, 2023, for the 2022 tax year. Plaintiff challenges Defendant's refund denial which was based on disallowance of a Working Family Household Dependent Care (WFHDC) credit. The court finds that Plaintiff has met her burden of proof to substantiate her childcare expenses to qualify for a WFHDC credit, and Defendant's determination is reversed.

A video trial was held on January 3, 2024. Plaintiff appeared and testified on her own behalf. Shawn Dimit (Dimit), auditor, appeared and testified on behalf of Defendant. Plaintiff's Exhibits 1 to 11 and Defendant's Exhibits A to E were received into evidence.

## I. STATEMENT OF FACTS

Plaintiff worked as a real estate broker during the 2022 tax year. She employed Alberto Herrera Santos (Santos), a licensed childcare provider, to care for her infant son, enabling her to work in the evenings and weekends. Santos resided in Plaintiff's home and, for a period, was in a romantic relationship with Plaintiff's daughter.

Plaintiff testified that Santos provided childcare on weekdays from 6:30 p.m. until 9:00 p.m. after his regular job, and as needed on weekends. Plaintiff kept a monthly log tracking

Santos' attendance. (Ex 9.) Plaintiff and Santos agreed on a flat-rate payment of $1,000 per month, with $762.50 paid in cash and $237.50 credited as barter value towards rent. (Ex 5 at 7.) Plaintiff prepared monthly receipts documenting these payments, including details such as the child's name, Santos' name, hours worked, and Santos' initials. The total documented childcare cash payments for 2022 amounted to $9,150. (Ex C.) Santos reported this income on his federal and state tax returns. (Ex. 7 at 2, 4.)

Plaintiff testified that the cash used to pay for childcare came from various sources, including the sale of household items online, income from horse and pig boarding, sales of chicken eggs, and contributions from her daughter and Santos for utility expenses. She provided a listing of items offered for sale on Craigslist and OfferUp and submitted documentation for the "farm income" to the county to retain a farm-use tax exemption. However, except for income from egg sales, Plaintiff did not report income from these sources on her state income tax return and lacked proof of actual cash receipts for said sources. She explained that had she reported the income, her deductible expenses would have exceeded any profits.

Dimit, an Auditor 1 with Defendant for 20 months, testified that Plaintiff's receipts contained all the required information except the childcare provider's social security number and the method of payment. Dimit concluded that, due to the personal relationship between Plaintiff and Santos, as well as Santos' status as a renter, a higher level of scrutiny was warranted. Dimit determined that Plaintiff's original receipts failed to meet the substantiation requirements outlined in Defendant's Schedule OR-WFHDC form and deemed the evidence insufficient to support the claimed credit. Consequently, Defendant denied the WFHDC credit and adjusted Plaintiff's refund accordingly.

/ / /

## II. ANALYSIS

The issue before the court is whether Plaintiff adequately substantiated her cash payments to her childcare provider to qualify for the WFHDC credit under ORS 315.264[1] for the 2022 tax year.

The WFHDC credit is designed to provide financial relief to families incurring childcare expenses while they work or attend school. ORS 315.264 establishes a refundable credit calculated as a means-tested percentage of a taxpayer's employment-related expenses, including childcare expenses. To qualify for the credit, the taxpayer must pay the expenses directly and provide sufficient evidence to substantiate the claimed amounts. Oregon Administrative Rule (OAR) 150-315-0121(6). Taxpayers paying in cash face inherent challenges in proving such payments. *Shirley v. Dept. of Rev.*, TC-MD 130451D, 2014 WL 811543 at *3 (Or Tax M Div Mar 3, 2014) Contemporaneous receipts must include the date, the name of the payor, the amount paid, and the childcare provider's signature. *Id.* The burden of proof in this court rests with the taxpayer, who must establish eligibility by a preponderance of the evidence. ORS 305.427.

In this case, Defendant does not dispute that Plaintiff's work, income, and filing status make her eligible for the credit. Nor is there any disagreement that Plaintiff had a qualifying dependent child who received childcare services. Although the court received evidence during trial that Plaintiff had unreported income, this issue was not identified in the Notice of Refund Denial or pleadings and is outside the scope of this case. Thus, the court will focus solely on whether Plaintiff substantiated her childcare payments.

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2021. The court notes that the Oregon Legislature made minor changes to ORS 315.264, effective September 25, 2021, however, those changes do not impact this case. *See*, Laws 2021, c. 525, § 5a.

Plaintiff provided credible testimony that she made monthly cash payments to Santos and submitted contemporaneous receipts documenting those payments. The total of the receipts matched the income Santos reported on his tax returns. Plaintiff provided time records for each month's childcare. While the auditor's skepticism regarding Plaintiff's personal relationship with Santos and the slightly imperfect nature of the receipts is understandable, the evidence shows that childcare services were provided regularly as described, Santos was a licensed childcare provider, and Santos' tax returns independently acknowledged the childcare income. The court finds Plaintiff's evidence sufficiently persuasive to meet her burden of proof.

### III. CONCLUSION

The court finds that Plaintiff has substantiated $9,150 in allowable childcare expenses and is eligible for the WFHDC credit for the 2022 tax year. Defendant's refund denial was based on disallowance of this credit. Accordingly, Defendant's Written Objection Determination and Notice of Refund Denial is reversed. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal for the 2022 tax year is granted.

_____

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This Decision was signed by Magistrate Richard D. Davis and entered on February 3, 2025.*